UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ELYSE DROWNS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF HUMAN )<br>SERVICES, )<br>)<br>Defendant. ) | Case: 3:24-cv-50226<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff, Elyse Drowns ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Illinois Department of Human Services ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Elyse Drowns, resided in Ogle County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant Illinois Department of Human Services located at Jack Mabley Development Center is a government entity doing business in and for Lee County whose address is 1120 Washington Avenue, Dixon, IL 61021.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff (female) was hired by Defendant as a mental health technician on or about February 16, 2023.

12. Plaintiff was employed in this capacity until she was unlawfully terminated on or about May 25, 2023, on the basis of her sex and in retaliation for opposing sexual harassment.

13. Plaintiff performed a specific job which was an integral part of the business of Defendant.

14. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

16. During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas, as evidenced by the lack of write-ups or negative performance remarks.

17. On or about May 14, 2023, Plaintiff very unfortunately witnessed a deeply disturbing and traumatic sexual assault in the workplace, in which one of Defendant's male residents sexually assaulted another male resident with special needs.

18. Plaintiff was overwhelmed with shock and terror, and immediately cried out for help.

19. Eventually, one of Defendant's employees, later identified as Supervisor, Evan (LNU), came to the resident's aid.

20. Evan then approached Plaintiff who was still uncontrollably sobbing and in great emotional turmoil.

21. Instead of offering any support or checking to see whether Plaintiff was okay after witnessing this traumatic event, Evan elected to take down Plaintiff's witness statement.

22. Plaintiff gave a witness statement, and complained of the sexual harassment she had just witnessed, thereby engaging in protected activity.

23. Even more callously, RSS Supervisor, Dusty (LNU), then instructed Plaintiff to resume her duties, as if nothing had happened.

24. The gravity of what Plaintiff had witnessed was too much for her to bear, and she found herself rushing to the bathroom to vomit, unable to cope with the trauma.

25. Thereafter, Dusty asked Plaintiff to recount her witness statement.

26. While she was doing so, Dusty received a call, and put it on speakerphone.

27. Plaintiff heard Dusty's conversation with the Head Nurse, urgently recommending that the sexual assault victim be immediately transferred to the hospital for necessary medical attention.

28. Shockingly, Dusty responded carelessly, claiming that the facility was understaffed and therefore incapable of carrying out this medically necessary task.

29. Hearing the sexual assault victim being denied critical care re-traumatized Plaintiff and further exacerbated her distress.

30. When Plaintiff realized that the victim's well-being was being completely disregarded, she engaged in protected activity and opposed the sexual harassment and the way it was being handled to Dusty.

31. Further, Plaintiff confided in Dusty, explaining that the situation left her incredibly uncomfortable and unable to carry on with her duties for the day.

32. Dusty showed no empathy or understanding, and instead threatened Plaintiff, stating, "If you leave, you will have a day's pay deducted."

33. Plaintiff made the difficult decision to prioritize her own mental well-being over the financial implications of missing a day's pay, and chose not to continue working.

34. During her day-off, Plaintiff promptly sought professional assistance from a therapist in order to navigate the trauma she had been subjected to at Defendant's facility.

35. Thereafter, on or about May 24, 2023, Human Resources (HR) Supervisor, Ana Kay Thompson, unexpectedly contacted Plaintiff, demanding detailed notes from Plaintiff's therapist.

36. Astonishingly, Ms. Thompson insinuated that the notes provided by Plaintiff's doctor were fraudulent, necessitating additional documentation.

37. Ms. Thompson also stated that Plaintiff must resign or face termination.

38. Attempting to avoid this ultimatum, and despite being very offended, Plaintiff had no choice but to come into the office on May 24, 2023, to personally deliver doctor's notes to Ms. Thompson.

39. To Plaintiff's dismay, she was met with complete indifference and disregard, and was terminated on the spot.

40. Ms. Thompson attempted to claim that Plaintiff was being terminated based on unfounded accusations.

41. However, it was clear that in reality, Plaintiff was terminated on the basis of her

5

sex and in retaliation for opposing sexual harassment.

42. Other similarly situated, non-female employees were not subject to the same type of treatment, accusations, and wrongful termination.

43. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to supervisors and Defendant.

44. This experience has taken a toll on Plaintiff, causing her extreme mental anguish, stress, and anxiety.

45. Plaintiff has felt unjustly coerced into silence, forced to overlook heinous sexual harassment and sexual assault that took place in Defendant's facility.

## COUNT I
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

46. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

49. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

50. Plaintiff's was terminated on the basis of Plaintiff's sex.

51. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

52. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

53. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

54. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

55. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

56. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about traumatic sexual harassment she witnessed and sex-based discrimination that she was continuously subjected to.

57. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

58. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of sexual harassment and sex-based discrimination.

59. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff..

60. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, including but not limited to termination of her employment with Defendant.

61. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting

the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Pre-judgment and post-judgment interest;

  f. Injunctive relief;

  g. Liquidated damages;

  h. Punitive damages;

  i. Reasonable attorney's fees and costs; and

  j. For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of June, 2024.

             /s/ *Chad W. Eisenback*
             **CHAD W. EISENBACK, ESQ.**

IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*


**/s/ *Mohammed O. Badwan***
**MOHAMMED O. BADWAN, ESQ.**
Illinois Bar No.: 6299011
**SULAIMAN LAW GROUP, LTD.**
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*